JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Unitedhealthcare Insurance Company

**DEFENDANTS**

Josh Horton and Michelle Horton

**(b)** County of Residence of First Listed Plaintiff    Minnetonka. Minnesota
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Harris County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kyle A. Ferachi, Hinshaw & Culbertson, LLP
5151 San Felipe, Suite 1380, Houston, TX 77056

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [X] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

28 USC § 1001 et seq - ERISA

Brief description of cause:   INTERPLEADER FOR DEATH BENEFIT CLAIM

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:   JUDGE _____   DOCKET NUMBER _____

DATE   2/1/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITEDHEALTHCARE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff-in-Interpleader,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** 23-349 |
| | § | |
| **JOSH HORTON and  MICHELE** | § | |
| **HORTON,** | § | |
| | § | |
| **Defendants-in-Interpleader.** | § | |

---

**UNITEDHEALTHCARE INSURANCE COMPANY'S**
**COMPLAINT-IN-INTERPLEADER**

---

NOW COMES Plaintiff-in-Interpleader UnitedHealthcare Insurance Company ("UnitedHealthcare"), by its attorneys, Hinshaw & Culbertson LLP, and for its Complaint for Interpleader against Defendants Josh Horton and Michelle Horton, for interpleader and other relief states as follows:

### PRELIMINARY STATEMENT

UnitedHealthcare brings this interpleader action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1333 to obtain an adjudication as to the competing claims to funds which UnitedHealthcare is holding pursuant to a group life insurance policy and group accidental death and dismemberment insurance policy, which was issued to Zachary Horton's ("Decedent") former employer, CDI Energy Products, LLC, in conjunction with an employee welfare benefit plan within the meaning of the Employee Retirement Income Security Act of 1972 as amended, 28 U.S.C. §1001, et seq.  UnitedHealthcare requests that it be allowed to deposit with the Court the

1054694\312529581.v1

insurance proceeds at issue $100,000 and $109,500 totaling $209,500, and allow the adverse claimants, Josh Horton and Michelle Horton, to litigate the issue of the rightful owner of those proceeds.

## PARTIES

1.      UnitedHealthcare is, and at all times relevant times was, a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minnetonka, Minnesota.

2.      UnitedHealthcare is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Josh Horton is, and at all relevant times was, a resident of Harris County, Texas.

3.      UnitedHealthcare is informed and believes, and on that basis alleges, that Defendant-in-Interpleader Michelle Horton is, and at all relevant times was, a resident of Harris County, Texas.   UnitedHealthcare is similarly informed, believes and therefore alleges that Michelle Horton was formerly married to the Decedent and was divorced on or about October 19, 2016.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331, because this case involves a federal question.  Specifically, Defendants-in-Interpleader's claims arise under and/or are preempted by federal law, specifically ERISA.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) in that one or more of the Defendants-in-Interpleader reside in this judicial district and a substantial part of the events giving rise to this action occurred in this district.

## **FACTUAL ALLEGATIONS**

6.     On information and belief, the Decedent enrolled in an employee benefit plan sponsored by his employer CDI Energy Products, LLC on November 3, 2021. Said plan provided life insurance benefits through group insurance issued by UnitedHealthcare through policy number 305305 ("the Policy"). Decedent designated his brother, Josh Horton, as his sole beneficiary.   A true and correct copy of the relevant portions of the Policy are attached hereto as Exhibit "A."

7.     Prior to his death, Decedent was married to Michelle Horton.  The marriage was dissolved through a final decree of divorce on October 19, 2016.  On information and belief, a true and correct copy of the divorce decree is attached as Exhibit "B." On further information and belief, Michelle Horton and Decedent had three children of the marriage who were all minors at the time of the divorce.

8.     The October 19, 2016 divorce decree ordered that Decedent "obtain and maintain a life insurance policy on his or her life for as long as child support is ordered…[t]he person receiving child support under this order must be named as the primary beneficiary for the benefit of the children."

9.     On information and belief, at the time of Decedent's death all three of his and Michelle Horton's children were under the age of 18.

10.     Decedent died on April 2, 2022.

11.     On or about April 7, 2022, UnitedHealthcare received a claim form from Josh Horton seeking benefits from the Policy. A true and correct copy of Josh Horton's claim form is attached hereto as Exhibit "C."

12.     On or about May 30, 2022, UnitedHealthcare received a claim form from Michelle Horton seeking benefits from the Policy. A true and correct copy of Michelle Horton's claim form is attached hereto as Exhibit "D."

3

## FIRST CAUSE OF ACTION FOR INTERPLEADER
### (Against All Defendants in Interpleader)

13.     The terms of the Policy requires UnitedHealthcare to pay the life insurance benefits at issue to the beneficiary or beneficiaries designated at the time of Decedent's death.

14.     As set forth above, Josh Horton is the primary beneficiary under the subject plan.

15.     However, the October 19, 2016 divorce decree required Michelle Horton to be named as the beneficiary while child support payments were still being made.

16.     Both Josh Horton and Michelle Horton have made claims for benefits under the Policy.

17.     As such, UnitedHealthcare has been presented with competing and adverse claims to the benefits under the Policy.  UnitedHealthcare is unable to determine which of the Defendants-in-Interpleader is entitled to the Policy's benefits and is unable to pay out the benefits to Defendants-in-Interpleader without the risk of double liability.

18.     UnitedHealthcare files this interpleader claim in good faith and without any collusion with any of the parties hereto.  UnitedHealthcare claims no interest in the Policy's benefits and is merely a disinterested stakeholder in this action.

19.     UnitedHealthcare admits its liability under the Policy in the benefit amount of $209,500 in basic and supplemental life insurance, plus applicable interest, and will deposit these amounts with the Court in connection with these proceedings.  UnitedHealthcare is, and always has been, ready, able, and willing to pay these funds to the person(s) who may lawfully be entitled to receive them.  However, UnitedHealthcare is unable to determine who is entitled to receive the benefits of the Policy without being faced with the real and reasonable potential of liability to multiple parties seeking the benefits at issue.

UnitedHealthcare has incurred, and will continue to incur, attorneys' fees and costs in connection with these proceedings.

### PRAYER FOR RELIEF

WHEREFORE, UnitedHealthcare prays for judgment against Defendants-in-Interpleader, and each of them, as follows:

A.     That Defendants-in-Interpleader, and each of them, be required to interplead and litigate among themselves their claims to the life insurance benefits at issue under the Policy;

B.     That the Court enter an order restraining Defendants-in-Interpleader, and each of them, from instituting proceeding in any court against UnitedHealthcare and/or its agents with respect to the Policy and/or the life insurance benefits due thereunder as a result of Decedent's death;

C.     That this Court enter an order setting forth the proper recipient of the benefits of the Policy;

D.     That UnitedHealthcare be discharged of all liability with respect to the Policy and/or the life insurance benefits due thereunder as a result of Decedent's death and be dismissed from the action;

E.     That UnitedHealthcare be awarded its costs and reasonable attorneys' fees to be determined by the Court and paid out of the stake to be deposited with the Court; and

F.     For such other and further relief as the Court deems reasonable and just under the circumstances.

Dated:      February 1, 2023

1054694\312529581.v1

HINSHAW & CULBERTSON LLP

By:   /s/Kyle A. Ferachi
       Kyle A. Ferachi
       Texas Bar No. 24072624
       kferachi@hinshawlaw.com
       5151 San Felipe, Suite 1380
       Houston, TX  77056
       Telephone:  (346)-344-4500

*Attorneys for UnitedHealthCare Insurance Company*